26-cv-4149

AE 14610282.1.2-70

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District South Dakota, Southern Division |
|---|---|
| Name *(under which you were convicted)*: Anahi Plascencia Cardona | Docket or Case No.: 4:21-cr-40078-KES-2 |
| Place of Confinement: FCI Aliceville, Aliceville, Alabama | Prisoner No.: 45293-509 |
| UNITED STATES OF AMERICA | V. Movant *(include name under which convicted)* Anahi Plascencia Cardona |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the District of South Dakota, Southern Division, Sioux Falls, South Dakota.

   (b) Criminal docket or case number (if you know): 4:21-cr-40078-KES-2

2. (a) Date of the judgment of conviction (if you know): 12/21/2023

   (b) Date of sentencing: 12/21/2023

3. Length of sentence: 265 months on Count 1 and 240 months on Count 2, to be served concurrently.

4. Nature of crime (all counts):

   Count 1s: Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 846 and 841(a)(1). Count 2s: Conspiracy to Launder Monetary Instruments, 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Both counts of the Superseding Indictment.

5. (a) What was your plea? (Check one)

   (1) Not guilty ☑ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☑ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☑ No ☐

AE 14610282.1.3-70



8. Did you appeal from the judgment of conviction? Yes ☑ No ☐

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Eighth Circuit

(b) Docket or case number (if you know): No. 23-3768, consolidated with No. 23-2904

(c) Result: Affirmed.

(d) Date of result (if you know): 5/2/2025

(e) Citation to the case (if you know): Not known.

(f) Grounds raised:

Sufficiency of the evidence; admission of hearsay testimony; drug quantity attributed at sentencing; denial of safety-valve relief; unwarranted sentencing disparity.

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☑

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

AE 14610282.1 4-70



(4) Nature of the proceeding: ______________________

(5) Grounds raised:

______________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______________________

(2) Docket of case number (if you know): ______________________

(3) Date of filing (if you know): ______________________

(4) Nature of the proceeding: ______________________

(5) Grounds raised:

______________________

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______________________

(8) Date of result (if you know): ______________________

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

______________________

AE 14610282.1.5-70



12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Ineffective assistance of counsel at sentencing. Counsel failed to object to a two-level enhancement that the Guidelines made unavailable

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Court rejected the aggravating role enhancement under U.S.S.G. § 3B1.1 and scored paragraph 68 of the presentence report at zero. The Court nonetheless applied the two-level enhancement at paragraph 65 for criminal livelihood. That enhancement is available only where the defendant receives an adjustment under § 3B1.1. Counsel did not object. Counsel told the Court that its rulings had addressed all of her objections, and agreed to a total offense level of 40 and a range of 292 to 365 months. Without those two levels the total offense level was 38 and the range was 235 to 293 months. The Court imposed 265 months. See Memorandum in Support, Ground One.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** Ineffective assistance of appellate counsel. Counsel failed to raise the same sentencing error on direct appeal.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The same attorney represented Movant at sentencing and on appeal. On appeal she raised sufficiency, hearsay, drug quantity, safety valve, and disparity. She did not raise the enhancement described in Ground One, which required no factual development and was apparent from the sentencing transcript. See Memorandum in Support, Ground Two.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☐

AE 14610282.1.7-70



(2) If you did not raise this issue in your direct appeal, explain why:

Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ____

Name and location of the court where the motion or petition was filed:

____

Docket or case number (if you know): ____

Date of the court's decision: ____

Result (attach a copy of the court's opinion or order, if available):

____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

____

Docket or case number (if you know): ____

Date of the court's decision: ____

Result (attach a copy of the court's opinion or order, if available):

____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

____

AE 14610282.1.8-70



**GROUND THREE:** Ineffective assistance of counsel. Counsel failed to challenge the attribution of 17.24 kilograms of methamphetamine.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The presentence report attributed 17.24 kilograms to Movant based on a suitcase seized from a storage facility in Omaha, Nebraska. That quantity alone supported base offense level 38. Movant never entered that facility and did not know it existed. It was rented under the name Javier Cardona, which is her father's name. The trial testimony about a key and a suitcase concerned a garage in Sioux Falls, not the Omaha facility. Counsel did not require findings on scope and reasonable foreseeability and did not raise the attribution on appeal. See Memorandum in Support, Ground Three.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

AE 14610282.1.9-70



(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** Ineffective assistance of counsel. Counsel failed to investigate identified defense witnesses and a change in a cooperating witness's account.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant gave trial counsel the names of four family members who could testify. They telephoned his office and were told by a staff member that they could not be witnesses. No reason was given. Counsel never contacted them and called none of them. Separately, counsel read to Movant from a document reflecting that a cooperating witness had changed a prior account. Movant told counsel the changed account was false and asked him to investigate. Counsel said investigating would not matter. See Memorandum in Support, Ground Four.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☑

(2) If you did not raise this issue in your direct appeal, explain why:

Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☑

(2) If you answer to Question (c)(1) is "Yes," state:

AE 14610282.1.10-70



Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

None of the grounds in this motion has been presented in any federal court. Movant was represented on direct appeal by the same attorney who represented her at sentencing, and claims of ineffective assistance are properly raised for the first time on collateral review.

______

AE 14610282.1.11-70



14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:
Clint L. Sargent.

(b) At the arraignment and plea:
Clint L. Sargent.

(c) At the trial:
Clint L. Sargent.

(d) At sentencing:
Ashley Rae Brost

(e) On appeal:
Ashley Rae Brost

(f) In any post-conviction proceeding:
None. Movant proceeds without counsel.

(g) On appeal from any ruling against you in a post-conviction proceeding:
None.

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

AE 14610282.1.12-70



18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Movant's conviction became final on July 31, 2025, ninety days after the Court of Appeals entered judgment on May 2, 2025, when the time to petition for certiorari expired. The one-year period under 28 U.S.C. § 2255(f)(1) expired on July 31, 2026. This motion is filed ten days after that date.

Movant does not dispute that the motion is late. She asks the Court to apply equitable tolling and refers the Court to her sworn Declaration in Support of Timeliness and to Part One of the Memorandum in Support, both filed with this motion.

In summary, in mid-May 2025 Movant received the decision of the Court of Appeals and, within days, a letter from her appellate attorney enclosing the same decision and stating that the representation had ended. That letter contained additional explanations. They were in English. Movant does not read English well. No one read them to her or explained them to her in Spanish. Movant did not understand that a one-year deadline existed or that any further relief could be sought. Every proceeding in her case required a Spanish interpreter, and the law library at her institution contains no materials in Spanish that she is able to use. Movant asked about a transfer and was told that if she pursued it she could not have anything open with the government.

During that year Movant asked for the transcripts of her trial, because another woman at her institution had agreed to help her with her case. By the time the transcripts arrived, that woman had been transferred. Until July 30, 2026, Movant took no other action.On July 30, 2026, one day before the one year period ended, Movant wrote for the first time to a person outside the institution who had been recommended to her, asking for help with her case. She wrote again on July 31, 2026. She did not know when she wrote that any deadline existed, and she was asking about an appeal. She learned that the period had existed and had expired only afterward, when that person told her. Because of an error in how that message was sent, she did not receive it for several days. She signed and deposited this motion within approximately four days of receiving it.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AE 14610282 1.13-70

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

Vacate the sentence, order the government to respond, grant leave to conduct discovery, appoint counsel, hold an evidentiary hearing, and resentence Movant.

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on ____________________ .
(month, date, year)

Executed (signed) on August 10, 2026 (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

This declaration fixes the filing date under the Rules Governing Section 2255 Proceedings and Houston v. Lack, 487 U.S. 266 (1988). Ask the mailroom for a receipt or a stamped copy.

AE 14610282.1.14-70

**CONTINUATION OF AO 243, QUESTION 12**
**ADDITIONAL GROUNDS FIVE THROUGH THIRTEEN**

Anahi Plascencia Cardona
Case No. 4:21-cr-40078-KES-2

The following grounds are stated in continuation of Question 12 of the attached Motion Under 28 U.S.C. § 2255. Legal argument as to each is set out in the Memorandum in Support filed with this motion.

**GROUND FIVE: Ineffective assistance of counsel. Trial counsel failed to investigate the contents of the cellular telephone Movant surrendered to the government.**

(a) Supporting facts: Before trial Movant voluntarily surrendered her cellular telephone to the government and gave agents the passcode, believing the communications on it would show that her husband concealed the methamphetamine activity from her. She asked counsel about the telephone. He told her nothing had been found and that the contents were not something he could request from the government. Counsel did not determine whether a forensic extraction of that device existed and did not obtain or examine one. See Memorandum in Support, Ground Five.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND SIX: Ineffective assistance of counsel. Trial counsel failed to initiate any plea negotiation and failed to advise Movant of her sentencing exposure.**

(a) Supporting facts: Movant asked counsel to speak with the prosecutor about a resolution. He refused, telling her the prosecutor did not have to give her an agreement as he had given the others, that her husband was going to trial, and that she as his wife would have to take responsibility. Every other charged participant resolved by plea. Movant was never advised of

AE 14610282.1 15-70

her guideline exposure at trial, was never told she would forfeit acceptance of responsibility by proceeding to trial, and was never told whether the government would consider any resolution. See Memorandum in Support, Ground Six.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND SEVEN: Ineffective assistance of counsel. Trial counsel failed to move for a judgment of acquittal under Fed. R. Crim. P. 29.**

(a) Supporting facts: Counsel did not move for a judgment of acquittal at the close of the government's case, at the close of all evidence, or after the verdict. The government noted the omission in its brief on appeal, and the Court of Appeals reviewed the sufficiency of the evidence for plain error rather than under the ordinary standard. See Memorandum in Support, Ground Seven.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND EIGHT: Ineffective assistance of counsel. Counsel failed to ensure that Movant understood the presentence report and could participate in identifying errors in it.**

(a) Supporting facts: Movant's first language is Spanish. She reads and writes English only at a basic level and cannot read or understand legal documents in English. Interpreters were used at every proceeding in her case, at her request. Counsel read sentencing material to her and then

AE 14610282.1.16-70

showed it to her, but showed her only the portions counsel considered important, telling Movant she had limited time. No interpreter was present at any point. Counsel does not speak Spanish and attempted to explain the material using simpler English words. Movant was never given a copy of the presentence report to keep, and was told she could not have any papers. She did not know what an offense level was and did not know which enhancements had been applied to her. Movant addresses the record directly. At sentencing the Court asked counsel whether she had reviewed the presentence report with Movant and counsel answered that she had. Movant does not dispute that an exchange took place and does not contend that counsel told the Court anything untrue. What she contends is that a review conducted without an interpreter, covering only the portions counsel selected, under stated time pressure, and leaving her no copy, did not permit her to participate or to identify the error described in Ground One. See Memorandum in Support, Ground Eight.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND NINE: Ineffective assistance of appellate counsel. Counsel failed to challenge the denial of a mitigating role adjustment on direct appeal.**
(a) Supporting facts: Counsel sought a mitigating role reduction under U.S.S.G. § 3B1.2 at sentencing and the Court denied it, finding Movant played an average role. That ruling was in tension with the Court's findings that Movant's role was small, that her husband was the decision maker, that she carried out his directions, and that her control over others was limited. Counsel did not raise the ruling on appeal. See Memorandum in Support, Ground Nine.

AE 14610282.1.17-70

(b)(1) Did you raise this issue on direct appeal? No.

(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND ELEVEN: Ineffective assistance of counsel. Sentencing and appellate counsel failed to use the interpreter's admission that Movant's custodial statement was summarized rather than translated.**

(a) Supporting facts: Pleaded against sentencing and appellate counsel. Movant was interviewed in custody by a federal agent through an interpreter who was not a neutral certified court interpreter. The government disclosed him as one of its own experts, identifying Jorge A. Carrasco as a retired Border Patrol Agent then serving as an Intelligence Agent and DEA Task Force Agent and commissioned federal law enforcement officer. Document 165. A recording of that interview and a translation were admitted at trial as Exhibit 56. The interpreter testified at trial and acknowledged on cross-examination that he did not translate Movant's words one for one, and that Movant would speak for roughly ninety seconds to two minutes at a time and he would then give the agent a summary. Trial Tr. 440-43. The Court later denied safety valve relief on the ground that Movant had not disclosed truthfully. Movant makes no claim against trial counsel here. He obtained that admission and proposed the model instruction telling the jury that whether a transcript is an accurate translation is for the jury to decide. Document 156. The claim is that sentencing counsel did not bring that preserved record to bear when the Court made the truthful-disclosure finding, and that appellate counsel challenged the safety valve ruling without it. See Memorandum in Support, Ground Eleven.

(b)(1) Did you raise this issue on direct appeal? No.

AE 14610282.1 18-70

(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND TEN: Due process. The government suppressed favorable evidence from Movant's cellular telephone. Pleaded in the alternative to Ground Five.**

(a) Supporting facts: Movant surrendered her telephone and passcode to the government. This Court entered an order under the Due Process Protections Act directing the government to disclose all exculpatory evidence. Movant does not presently know whether the device was forensically examined or whether any extraction report was produced to the defense. If an extraction exists and was not produced, and if it showed that her husband concealed the methamphetamine activity from her or showed the absence of any methamphetamine communication, that evidence was favorable and material. See Memorandum in Support, Ground Ten.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND TWELVE: Ineffective assistance of counsel. Trial counsel failed to object to a deliberate ignorance instruction. Pleaded conditionally.**

(a) Supporting facts: Movant pleads this ground on limited information and says so. She does not have the fourth volume of the trial transcript containing the closing arguments and the charge conference, or the final instructions the Court gave. Her sole defense was that she did not know the enterprise involved methamphetamine. She states that the government argued at closing that

AE 14610282.1 19-70

she was willfully blind and that sentencing counsel later referred back to that argument. If a deliberate ignorance instruction was given as to Movant, the questions are whether the evidence supported it and whether counsel objected. Movant makes no claim that counsel failed to request a theory of defense instruction. Counsel proposed the single and multiple conspiracies instruction, modified to ask the jury whether there were separate methamphetamine and marijuana conspiracies, and proposed the elements instruction requiring a finding that Movant voluntarily and intentionally joined the agreement and knew its purpose. Document 156. Movant requests Documents 205 and 277 and will withdraw this ground if no such instruction was given or if counsel objected. See Memorandum in Support, Ground Twelve.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

**GROUND THIRTEEN: Ineffective assistance of counsel. Trial counsel failed to object when a government agent gave undisclosed opinion testimony that answered the defense.**
(a) Supporting facts: The government filed an amended expert notice on April 11, 2023, three weeks before trial. Document 165. As to IRS Special Agent Corey Vickery the disclosed subject matter was financial: wire transfers, concealment of proceeds, structured cash deposits, and patterns in financial records indicative of money laundering. Nothing in his disclosure concerned what participants in drug investigations typically say or why. The government made that kind of disclosure for a different agent, disclosing that DEA Agent Sundet would testify about coded language and common drug trade terminology. On redirect the prosecutor asked Agent Vickery his take on the marijuana explanation heard in other interviews. He answered it is common and is

AE 14610282.1 20-70

something people will say, that marijuana is viewed as a lesser drug carrying lesser penalties, and, when the prosecutor turned to this case, that it would not be accurate that the only thing involved here was marijuana. Trial Tr. 486-87. The witness was never tendered or qualified as an expert before the jury. Trial counsel made no objection at any point in that exchange and proceeded to recross. The only contested element as to Movant was whether she knew the conspiracy involved methamphetamine. The original notice at Document 144, filed three months earlier, discloses Agent Vickery in identical terms. Neither notice disclosed any opinion about what participants in drug investigations say about marijuana. Both disclose that category of opinion for Agent Sundet only. See Memorandum in Support, Ground Thirteen.

(b)(1) Did you raise this issue on direct appeal? No.
(b)(2) Explanation: Movant was represented on direct appeal by the same attorney who represented her at sentencing. Claims of ineffective assistance are properly raised for the first time on collateral review.

(c)(1) Did you raise this issue in any post-conviction motion, petition, or application? No.

Anahi Plasencia Cardona
Reg. No. 45293-509
FCI Aliceville
P.O. Box 4000
Aliceville, AL 35442

Dated: August 10, 2026

AE 14610282.1.1fdx-70

ORIGIN ID:SCFA (417) 591-9211
ANAHI PLASCENC CARDONA
REG. NO. 45293-509
FCI ALICEVILLE
11070 HIGHWAY 14
ALICEVILLE, AL 35442
UNITED STATES US

SHIP DATE: 10AUG26
ACTWGT: 0.10 LB
CAD: 265453633/FAPI2208

BILL SENDER

TO CLERK OF COURT
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
400 SOUTH PHILLIPS AVENUE, ROOM 128
SIOUX FALLS SD 57104

(417) 591-9211 REF: 1
INV: 14610282
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

WED - 12 AUG 5:00P
** 2DAY **

TRK# 0201 8755 5140 2947

S2 FSDA

57104
SD-US FSD

4610282
00001

EXTREMELY URGENT

4571 WED 08/12 07:21
400 S PHILLIPS AVE
57104-6851-28
SIOUX FALLS,SD
781-8018
SP:PD:100:Y
ETP: 1

EXTREMELY URGENT

X-RAYED BY
SOUTH DAKOTA
CSC

URGENT DELIVERY

Delivered by FedEx®